Case No. 1:14-CV-0550
Gwin, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

LARRY KNOX,

       Plaintiff,

vs.

DR. MILLINER, et al.,

       Defendants.

CASE NO. 1:14-CV-0550

OPINION & ORDER
[Resolving Doc. Nos. 1 & 2]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* plaintiff Larry Knox's civil action against Dr. Milliner, Kenneth Kochavar, Ronald Shobert, Sheriff Frank Bova, Warden Ivey, Jane Doe and John Doe pursuant to 42 U.S.C. §1983. Knox, who was held at the Cuyahoga County Jail when he filed this action,[1] asserts the defendants denied him adequate medical care. He seeks $246,400.00 in compensatory damages. For the foregoing reasons, the complaint is dismissed.

**I. Background**

In November 2013, Knox slipped while exiting the top bed bunk in his cell at the County Jail. The fall injured his foot and he requested medical care. Records he provides indicate Knox was escorted to the nurse's office in the Medical Center at Cuyahoga County Justice Center on

---

[1]Knox advised the court that he was released from jail in August 2014.

Case No. 1:14-CV-0550
Gwin, J.

November 27, 2013.  He complained that the nurse promised to schedule an x-ray of his foot, but one was never performed.

A review of the Medical Grievance form Knox filed on December 29, 2013 indicates he believed he was charged for the x-ray he never received.  Staff responded on January 6, 2014 and explained that his account was not charged and that he had been placed on an Ortho List for special shoes.

A reply to Knox's grievance, dated January 28, 2014, indicates he was seen by an orthopedist.  The note also explains that "medication" and the use of custom shoe insoles were approved at that time.

Knox complains he experienced extreme stress while waiting to receive his shoe insoles.  Interspersed with his concerns regarding the insoles, he claims the pain medication he was provided was not effective.  From this, Knox concludes the defendants were deliberately indifferent to his medical needs.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Case No. 1:14-CV-0550
Gwin, J.

### III. Failure to State a Claim

To state a claim under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'"of the United States. *Baker*, 443 U.S. at 140.

Although Knox does not explicitly allege what Constitutional right the defendants violated, as a pre-trial detainee he is afforded a right to medical treatment under the Due Process Clause of the Fourteenth Amendment that is analogous to prisoners' rights under the Eighth Amendment. *Gray v. City of Detroit*, 399 F.3d 612, 615–16 (6th Cir.2005). Accordingly, his claim is appropriately analyzed according to the requirements of the Eighth Amendment.

Prison officials cannot be deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A 'serious medical need' has been defined as one that has been diagnosed by a physician as mandating treatment. *Gaudreault v. Municipality of Salem,* 923 F.2d 203, 208 (1st Cir. 1990)(citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987)).

Case No. 1:14-CV-0550
Gwin, J.

There is no dispute Knox was treated by medical staff shortly after he injured his foot. Although no x-ray was taken at the time, there are no facts that suggest he was denied medical treatment. Even if his injury resulted in a bone fracture, there is no suggestion that a shoe insole would "treat" his injury.

Knox never describes a serious medical need that the defendants denied. At best, he complains the pain medication the defendants provided was not strong enough. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Therefore, Knox has failed to state a claim for relief under §1983. Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience").

## IV. Conclusion

Based on the foregoing, the Motion to Proceed In Forma Pauperis (Doc. No. 2) is granted and the complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to

Case No. 1:14-CV-0550
Gwin, J.

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

Dated: October 10, 2014            *s/      James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."